IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORRIS AMMONS, for himself and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS INC. | ) |
| and AMERICAN EXPRESS COMPANY, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Norris Ammons brings this action to secure redress from unlawful credit and collection practices engaged in by defendants NCO Financial Systems Inc. ("NCO"), and American Express Company ("American Express"). Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.  The TCPA restricts the use of automated equipment to dial cell phones.

### VENUE AND JURISDICTION

3.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendants' collection communications were received by plaintiff within this District; and

    b.  Defendants transact business within this District.

### PARTIES

5.  Plaintiff Norris Ammons is an individual who resides in the Northern District of Illinois.

6.  NCO is a Pennsylvania corporation that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7.  American Express is a New York corporation with an office at 200 Vesey Street,

1

New York, New York 10285. It does business in Illinois.

8. NCO is a collection agency, using telephone calls (along with mailings and other methods) to collect consumer debts originally owed to others.

9. NCO acted as the agent of American Express, in connection with the matters complained of herein.

10. American Express contemplated NCO would use the collection methods described on its web site to collect its debts, including automated telephone calls.

11. As the principal of NCO, American Express is responsible, and jointly and severally liable, for the acts complained of herein.

## FACTS

12. During August 2013, plaintiff received multiple telephone calls on his cell phone from NCO, calling from (800) 339-7650, and asking for return calls to (800) 336-3942.

13. (800) 339-7650 and (800) 336-3942 are telephone numbers are issued to NCO.

14. On information and belief, the calls were placed using a predictive dialer and an artificial voice. A predictive dialer places call without human intervention until a connection is made, in which case the dialer attempts to connect the recipient with a debt collector.

15. There was a pause after the plaintiff picked up the phone and before someone came on the line, a characteristic of an automated dialer. Also, the name of the person to be called back was inserted in a manner indicative of a computer-generated voice.

15. The text of the messages is attached as <u>Exhibit A</u>.

16. Plaintiff did not authorize the automated placement of calls to his cell phone by either defendant.

17. Plaintiff did not furnish his cell phone number to either defendant.

18. Plaintiff and each class member is entitled to statutory damages.

19. Defendants violated the TCPA even if their actions were only negligent.

20. Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

21. Plaintiff incorporates paragraphs 1-20.

22. 47 U.S.C. §227(b)(1) provides:

   **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**

   **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**

   **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....**

23. The TCPA, 47 U.S.C. §227(b)(3), further provides:

   **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –**

   **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

   **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

   **(C) both such actions.**

   **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

24. The calls described herein violated the TCPA.

## CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class, consisting of all persons who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, received automated calls from NCO Financial Systems Inc., on behalf of American Express Company, where the number was obtained through skip tracing or captured by the defendants' equipment from an inbound call.

3

26. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    (A) Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

    (B) The manner in which defendants obtained the cell phone numbers numbers; and

    (C) Whether defendants thereby violated the TCPA.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30. Several courts have certified class actions under the TCPA. Cell phone cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Fax cases include: *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE*

*Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 4:12cv221 (E.D.Mo., Feb. 25, 2013).

31. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (1) Statutory damages;

    (2) An injunction against further violations;

    (3) Costs of suit; and

    (4) Such other or further relief as the Court deems just and proper.

        /s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                    /s/ Daniel A. Edelman
                    Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\28807\Pleading\Complaint_Pleading